IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIFFANY BROMIRSKI on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OASIS GOODTIME EMPORIUM I, INC. and BARBARA HOLCOMB,<br><br>Defendants. | CIVIL ACTION NO.:<br>1:13-cv-03380-JEC |

### DEFENDANT OASIS GOODTIME EMPORIUM I, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Oasis Goodtime Emporium I, Inc. (hereafter "Oasis"), in the above-styled matter, and hereby responds to and answers the Complaint for Violating the Fair Labor Standards Act as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## SECOND DEFENSE

To the extent that Plaintiff has failed to mitigate her damages, she is barred from recovery. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## THIRD DEFENSE

To the extent that some or all of Plaintiff's claims are barred by the applicable statute of limitations, those claims must be dismissed. This affirmative defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## FOURTH DEFENSE

To the extent that some or all of Plaintiff's claims are barred by her failure to satisfy the jurisdictional prerequisites or conditions precedent to asserting such claims, those claims must be dismissed. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## FIFTH DEFENSE

To the extent that this Court lacks subject matter jurisdiction over some or all of the Plaintiff's claims, those claims must be dismissed. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**SIXTH DEFENSE**

To the extent that some or all of the Plaintiff's claims are barred by the doctrines of judicial or equitable estoppel, those claims must be dismissed. This affirmative defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**SEVENTH DEFENSE**

The Plaintiff is estopped from asserting her claims because of her own misconduct and unclean hands. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**EIGHTH DEFENSE**

The Plaintiff's claims are barred by the doctrine of waiver. This affirmative defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**NINTH DEFENSE**

Oasis invokes the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## TENTH DEFENSE

The Plaintiff's claims for minimum wage payments, overtime payments, and declaratory judgment are barred to the extent that the Plaintiff was not an "employee" under the FLSA. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## ELEVENTH DEFENSE

The Plaintiff's claims for minimum wage payments, overtime payments, and declaratory judgment are barred to the extent that Defendant Barbara Holcomb is not currently, and was not during any relevant time, an "employer" under the FLSA, with regard to the Plaintiff. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWELFTH DEFENSE

The Defendants did not act knowingly, intentionally, recklessly, or with malice to deprive the Plaintiff of any federally protected rights. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## THIRTEENTH DEFENSE

At all times, the Defendants acted in good faith and had reasonable grounds for believing their actions with regard to the Plaintiff were in compliance with the

FLSA. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### FOURTEENTH DEFENSE

To the extent that Plaintiff seeks recovery for time which is not compensable, i.e. not "hours worked" under the FLSA, her claims are barred. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by 29 U.S.C. § 259(a) in that Defendants' actions taken in connection with the Plaintiff's compensation were taken in good faith. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### SIXTEENTH DEFENSE

To the extent that the Plaintiff seeks damages that are not recoverable under the FLSA, the Plaintiff is barred from such recovery. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**SEVENTEENTH DEFENSE**

To the extent that the Plaintiff seeks to recover for time which is *de minimus* work time which is not recoverable under the FLSA, the Plaintiff is barred from such recovery. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**EIGHTEENTH DEFENSE**

The Plaintiff's claims are barred as to all hours during which the Plaintiff was engaged in activities that were preliminary or postliminary to the Plaintiff's principal activities. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**NINETEENTH DEFENSE**

The Plaintiff has not alleged sufficient facts to justify a collective action and the Plaintiff is not similarly situated to potential opt-in plaintiffs. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**TWENTIETH DEFENSE**

The Plaintiff has not defined potential opt-in plaintiffs clearly and objectively, and the Plaintiff cannot adequately represent the interests of the

potential opt-in plaintiffs.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-FIRST DEFENSE

The Plaintiff's attempt to pursue this case as a collective action fails because the Plaintiff's claims, the claims of each potential opt-in plaintiff, and each of Defendants' defenses, require an independent and individualized analysis.

## TWENTY-SECOND DEFENSE

To the extent that discovery reveals that the Plaintiff falsely reported, or failed to report, her hours worked to the Defendants, and there is: no evidence that Defendants required false reporting of hours; no evidence that Defendants encouraged the Plaintiff to falsely report, or not to report, her hours; and no evidence that Defendants knew or should have known that Plaintiff was providing false information as to her hours worked, the Plaintiff is estopped from claiming more hours worked than those submitted to the Defendants.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-THIRD DEFENSE

Current and former entertainers who performed services at Oasis are not similarly situated for purposes of the FLSA.

7

**TWENTY-FOURTH DEFENSE**

The Plaintiff was an independent contractor as that term is defined by federal courts applying the FLSA. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**TWENTY-FIFTH DEFENSE**

Because the Plaintiff's Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this action. Defendants reserve the right to assert further defenses as they become evident through discovery or investigation.

**TWENTY-SIXTH DEFENSE**

Answering the individually numbered paragraphs of the Complaint, Oasis responds as follows:

1.

Oasis denies that it operates a strip club, but admits that it operates a restaurant that offers live nude entertainment and is located in DeKalb County, Georgia. Defendant denies all other allegations contained in paragraph 1 of the Complaint.

**2.**

Oasis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

**3.**

Oasis admits only that it knows the identity of current employees and that Oasis maintains records on current employees. Oasis denies the remaining allegations contained in paragraph 3 of the Complaint.

**4.**

Oasis admits only that this purports to be a collective action lawsuit under the FLSA, 29 U.S.C. § 216(b). Oasis denies that the Plaintiff has alleged facts sufficient to establish a basis for a collective action. Oasis denies the remaining allegations contained in paragraph 4 of the Complaint.

**5.**

Oasis admits only that this purports to be a lawsuit seeking damages for alleged violations of the FLSA. Oasis denies any liability in this action. Oasis denies the remaining allegations contained in paragraph 5 of the Complaint.

**6.**

Oasis admits on information and belief only that the Plaintiff resides within the Northern District of Georgia. Oasis denies the remaining allegations contained in paragraph 6 of the Complaint.

**7.**

Oasis admits the allegations contained in paragraph 7 of the Complaint.

**8.**

Oasis admits only that Barbara Holcomb is a natural person and that she is a resident of the Northern District of Georgia, the CEO, CFO, Secretary and registered agent of Oasis. Oasis denies the remaining allegations contained in paragraph 8 of the Complaint.

**9.**

Oasis admits only that as a general rule federal courts have subject matter jurisdiction over FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337. Oasis denies any liability under the FLSA.

**10.**

Oasis admits only that venue is proper in the Northern District of Georgia. Oasis denies the remaining allegations contained in paragraph 10 of the Complaint.

**11.**

Oasis admits only that Plaintiff purports to bring this action for relief under the FLSA for minimum wage and overtime compensation.  Oasis denies any liability under the FLSA.  Oasis denies the remaining allegations contained in paragraph 11 of the Complaint.

**12.**

Oasis denies the allegations contained in paragraph 12 of the Complaint.

**13.**

Oasis denies the allegations contained in paragraph 13 of the Complaint.

**14.**

Oasis admits only that: Oasis's entertainers were asked to attend infrequent non-mandatory meetings at Oasis; Oasis paid for advertising and marketing efforts on behalf of Oasis; Oasis made capital investments in the facilities, maintenance, sound system, lights, food, beverage, and inventory located at Oasis.  Oasis denies that Oasis's entertainers are employees, as that term is defined under the FLSA.  Oasis denies the remaining allegations contained in paragraph 14 of the Complaint.

**15.**

Oasis denies the allegations contained in paragraph 15 of the Complaint.

**16.**

Oasis denies the allegations contained in paragraph 16 of the Complaint.

**17.**

Oasis denies the allegations contained in paragraph 17 of the Complaint.

**18.**

Oasis denies the allegations contained in paragraph 18 of the Complaint.

**19.**

Oasis denies the allegations contained in paragraph 19 of the Complaint.

**20.**

Oasis denies the allegations contained in paragraph 20 of the Complaint.

**21.**

Oasis denies the allegations contained in paragraph 21 of the Complaint.

**22.**

Oasis denies the allegations contained in paragraph 22 of the Complaint.

**23.**

Oasis denies the allegations contained in paragraph 23 of the Complaint.

**24.**

Oasis admits only that the Plaintiff was not paid wages. Oasis denies the remaining allegations contained in paragraph 24 of the Complaint.

**25.**

Oasis denies the allegations contained in paragraph 25 of the Complaint.

**26.**

Oasis admits only that it did not pay the Plaintiff wages. Oasis denies the remaining allegations contained in paragraph 26 of the Complaint.

**27.**

Oasis denies the allegations contained in paragraph 27 of the Complaint.

**28.**

Oasis denies the allegations contained in paragraph 28 of the Complaint.

**29.**

Oasis denies the allegations contained in paragraph 29 of the Complaint.

**30.**

Oasis incorporates by reference its responses to paragraphs 1 through 30 of Plaintiff's Complaint as if set forth fully herein.

**31.**

Oasis admits only that this purports to be an action for declaratory judgment. Oasis denies any liability. Oasis denies the remaining allegations contained in paragraph 31 of the Complaint.

32.

Oasis denies the allegations contained in paragraph 32 of the Complaint.

33.

Oasis admits only that this action purports to seek declaratory relief under the FLSA. Oasis denies that it is liable to the Plaintiff under the FLSA. Oasis denies the remaining allegations contained in paragraph 33 of the Complaint.

34.

Oasis incorporates by reference its responses to paragraphs 1 through 33 of Plaintiff's Complaint as if set forth fully herein.

35.

Oasis denies the allegations contained in paragraph 35 of the Complaint.

36.

Oasis denies the allegations contained in paragraph 36 of the Complaint.

37.

Oasis denies the allegations contained in paragraph 37 of the Complaint.

38.

Oasis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

**39.**

Oasis denies the allegations contained in paragraph 39 of the Complaint.

**40.**

Oasis admits only that it did not pay the Plaintiff wages.  Oasis denies the remaining allegations contained in paragraph 40 of the Complaint.

**41.**

Oasis denies the allegations contained in paragraph 41 of the Complaint.

**42.**

Oasis denies the allegations contained in paragraph 42 of the Complaint.

**43.**

Oasis denies the allegations contained in paragraph 43 of the Complaint.

**44.**

Oasis incorporates by reference its responses to paragraphs 1 through 43 of Plaintiff's Complaint as if set forth fully herein.

**45.**

Oasis denies the allegations contained in paragraph 45 of the Complaint.

**46.**

Oasis denies the allegations contained in paragraph 46 of the Complaint.

**47.**

Oasis denies the allegations contained in paragraph 47 of the Complaint.

**48.**

Oasis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

**49.**

Oasis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

**50.**

Oasis denies the allegations contained in paragraph 50 of the Complaint.

**51.**

Oasis denies the allegations contained in paragraph 51 of the Complaint.

**52.**

Oasis denies the allegations contained in paragraph 52 of the Complaint.

**53.**

Oasis denies the allegations contained in paragraph 53 of the Complaint.

**54.**

Oasis denies the allegations contained in paragraph 54 of the Complaint.

**55.**

Oasis admits only that this action purports to seek a jury trial. Oasis denies that the Plaintiff is entitled to any relief. Oasis denies the remaining allegations contained in paragraph 55, and all subparagraphs thereunder.

**56.**

Oasis denies all other allegations contained in the Complaint not specifically admitted herein.

WHEREFORE, having answered the Complaint, Oasis requests that judgment be entered in its favor and all costs including attorneys' fees be awarded to Oasis.

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendant certify that this document has been prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1(B).

Respectfully submitted this 13th day of November, 2013.

|  |  |
|---|---|
|  | */s/ Bennet D. Alsher* |
|  | Bennet D. Alsher |
|  | Ga. Bar No. 013682 |
|  | balsher@fordharrison.com |
|  | Telephone:  404-888-3852 |
|  | Facsimile:   404-832-8702 |
| FORD & HARRISON LLP |  |
| 271 17th Street, NW |  |
| Suite 1900 |  |
| Atlanta, GA  30363 |  |
|  |  |
|  | Alan I. Begner |
|  | Ga. Bar No. 046975 |
|  | abegner@begnerlaw.com |
|  | Cory G. Begner |
|  | Ga. Bar No. 046980 |
|  | cbegner@begnerlaw.com |
| BEGNER & BEGNER, P.C. |  |
| 5180 Roswell Road |  |
| South Building, Suite 100 |  |
| Atlanta, Georgia 30342 |  |
| Telephone: 404-531-0103 |  |
| Facsimile:  404-531-0107 |  |
|  |  |
|  | Attorneys for Defendant |
|  | Oasis Goodtime Emporium I, Inc. |

18

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIFFANY BROMIRSKI on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OASIS GOODTIME EMPORIUM I, INC. and BARBARA HOLCOMB,<br><br>Defendants. | CIVIL ACTION NO.:<br>1:13-cv-03380-JEC |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on November 13th, 2013, he electronically filed the foregoing **DEFENDANT OASIS GOODTIME EMPORIUM I, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**, with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification of such filing to the attorneys of record:

| | |
|---|---|
| Stephen L. Minsk, Esq.<br>Minsk & Associates LLC<br>1451 Biltmore Drive N.E.<br>Atlanta, Georgia 30329 | Harlan S. Miller, Esq.<br>Parks Chesin Walbert<br>75 14th Street, Suite 2600<br>Atlanta, Georgia 30309 |

|  |  |
|---|---|
|  | */s/ Bennet D. Alsher* |
|  | Bennet D. Alsher |
|  | Ga. Bar No. 013682 |
|  | balsher@fordharrison.com |
|  | Telephone: 404-888-3852 |
|  | Facsimile: 404-832-8702 |
| FORD & HARRISON LLP |  |
| 271 17th Street, NW |  |
| Suite 1900 |  |
| Atlanta, GA 30363 |  |
|  |  |
|  | Attorney for Defendant |
|  | Oasis Goodtime Emporium I, Inc. |

Atlanta:609674.2

20