IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TIFFANY BROMIRSKI on behalf of herself and all others similarly situated,** | |
| **Plaintiff,** | **CIVIL ACTION NO.: 1:13-cv-03380-JEC** |
| v. | |
| **OASIS GOODTIME EMPORIUM I, INC. and BARBARA HOLCOMB,** | |
| **Defendants.** | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR: (1) CONDITIONAL CERTIFICATION; (2) ORDER REQUIRING DEFENDANT TO PROVIDE CONTACT INFORMATION; AND (3) APPROVAL OF JUDICIAL NOTICE

COME NOW Defendants Oasis Goodtime Emporium I, Inc. ("Oasis") and

Barbara Holcomb (collectively, "Defendants") and submit the following response

in opposition to Plaintiff Tiffany Bromirski's ("Bromirski") and Opt-In Plaintiff

Nia Seymour's ("Seymour") (collectively, "Plaintiffs") Motion for Conditional

Certification; Order Requiring Defendant to Provide Contact Information; and

Approval of Judicial Notice (the "Motion").

## I.     FACTUAL BACKGROUND

Bromirski filed her Complaint with this Court on October 11, 2013, in which

she alleged that Defendants violated the Fair Labor Standards Act of 1938, as

amended. 29 U.S.C. § 201 et seq., (the "FLSA") by failing to pay minimum wage and overtime to current and former entertainers who performed at Oasis for the past three years. (Doc. 1). As a basis for her claims, Bromirski argued that Defendants misclassified the entertainers as independent contractors. (Id. at p. 13). In response, Defendants denied any wrongdoing, contending that current and former entertainers performing at Oasis were properly classified as independent contractors and, thus, not subject to the FLSA's provisions pertaining to employee compensation. (Doc. 4).

On January 25, 2014, Seymour filed a notice of consent to opt into this case. (Doc. 16). Contemporaneously with Seymour's notice of consent, Plaintiffs moved to conditionally certify this case as a collective action under 29 U.S.C. § 216(b). (Doc. 17). In support of the Motion, Bromirski provided her own declaration, which attested that 50 current and former entertainers who performed at Oasis for the past three years were similarly situated and that these entertainers had not opted into the case for various reasons. (Doc. 17-1). She further relied on the notice of consent filed by Seymour as evidence of other entertainers' desire to join the case. (Doc. 17-2). No other notices of consent have been filed in the four months since Bromirski filed her Complaint. (See generally, Dkt.).

In October 2013, Oasis informed Bromirski that she would no longer be

2

allowed to perform as an entertainer there. (Ex. A, ¶¶ 4-5).[1] This decision was

made because Bromirski had repeatedly engaged in lewd dancing at Oasis despite

having been warned not to do so. (Id. at ¶ 3-4). The individual who made this

decision, Allen Beaver, had no knowledge that Bromirski had filed a lawsuit

against Defendants at the time the decision was made. (Id. at ¶ 5).

## II.     ARGUMENT AND CITATION OF AUTHORITY

For the reasons described herein, Plaintiffs have not proffered sufficient

evidence to show that other putative members actually desire to join the above-

styled case. Accordingly, the Court should deny Plaintiffs' Motion. Alternatively,

if the Court determines that conditional certification is warranted under the

circumstances, Defendants submit that Plaintiffs' proposed notice does not

comport with the Supreme Court's requirement that such notices contain neutral

language. Instead, as detailed below, the Court should amend the language in the

manner requested by Defendants. Further, any order issued by the Court

mandating that Defendants provide Plaintiffs with the last-known contact

information of putative members should be limited to the contact information of

those entertainers that is within Defendants' custody or control.

---

[1] A copy of the Declaration of Allen Beaver, a manager at Oasis, is attached hereto as Exhibit A.

## A.     Legal Standard For Conditional Certification.

The FLSA permits an individual to bring claims against an employer for unpaid minimum wages or overtime on behalf of herself "and other employees similarly situated." 29 U.S.C. § 216(b).  The Eleventh Circuit Court of Appeals suggests that courts use a "two-tiered approach" when analyzing whether to certify a potential opt-in class.  Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001).  The notice stage is the first step of the two-tiered approach and consists of the following elements: (1) the putative members of the proposed class are "similarly situated" with respect to the alleged violation(s) of law underlying their claims ("Prong 1"); and (2) there are other potential plaintiffs who wish to participate in the litigation ("Prong 2").[2]  See Dybach v. Florida Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991).

To meet the standard set forth in Dybach, "[p]laintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals existed in the broad class that they proposed." Haynes v. Singer Co.,

---

[2] For purposes of this Motion only, Defendants do not contest the following allegations with respect to Prong 1: putative class members are current or former entertainers at Oasis who perform similar duties; all entertainers performing at Oasis have been classified as independent contractors; entertainers have not been paid an hourly wage; and entertainers performing at Oasis were subject to certain fees.  (Doc. 17, pp. 2-5).

Inc., 696 F.2d 884, 887 (11th Cir. 1983). Plaintiffs' standard at this initial stage is

a "fairly lenient" one. Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d

1240, 1243 fn.2 (11th Cir. 2003)(quoting Hipp, 252 F.3d at 1218). Although

plaintiffs' burden is relatively light, "it is not invisible." Brady v. Wash. County

Kennel Club, Inc., No. 5:12-cv-359, 2013 U.S. Dist. LEXIS 63986, at *4 (N.D.

Fla. April 5, 2013)(quotation marks and citation omitted).

**B.    Conditional Certification Is Not Appropriate Under The Circumstances.**

1.    There has not been a sufficient showing of interest by other entertainers to join Plaintiffs' lawsuit.

To satisfy Prong 2, Plaintiffs must show that other entertainers "actually

desire" to opt into the lawsuit before notice is authorized. Dybach, 942 F.2d at

1567-68; see also Mackenzie v. Kindred Hosp. East, LLC, 276 F. Supp.2d 1211,

1220 (M.D. Fla. 2003)(rejecting argument that notice must be provided in order to

determine whether there are others who may desire to join the case). Plaintiffs can

make this showing through affidavits, opt-in consents, or expert evidence as to the

existence of other similarly-situated individuals. Davis v. Charoen Pokphand

(USA), Inc., 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004). Plaintiffs cannot rely

on their counsel's argument to make this showing, nor can they make this showing

by testifying that they believe other entertainers may want to join the case.

Haynes, 696 F.2d at 887; see also Mackenzie, 276 F. Supp. 2d at 1220

("[U]nsupported expectations that additional plaintiffs will subsequently come

forward are insufficient to justify" conditional certification and notice.); Horne v.

United Servs. Auto. Ass'n, 279 F. Supp. 2d 1231, 1236 (M.D. Ala.

2003)(plaintiff's personal beliefs insufficient). Plaintiffs' Motion should be denied

because they have failed proffer sufficient evidence showing that other individuals

wish to join the instant case.

In arguing that additional entertainers desire to opt into this case, Plaintiffs

rely on just two pieces of evidence: (1) Bromirski's declaration, which stated that

she has "personal knowledge" regarding why other entertainers have not joined the

lawsuit; and (2) Seymour's opt-in consent from January 25, 2014. This evidence,

however, is insufficient to satisfy Prong 2. Bromirksi's declaration has no

probative value and should not be considered for two reasons.[3] First, nowhere in

her declaration does Bromirski affirmatively state that any other putative class

---

[3] Notably, counsel for Plaintiffs argues that "Plaintiffs" have personal knowledge
regarding the number of individuals who have worked as entertainers for Oasis and
the reasons why the entertainers have not joined the present action. (Doc. 17, p. 6).
But, only Bromirski has provided a declaration stating this. (Doc. 17-1, pp. 6-7).
Therefore, Plaintiffs cannot rely on Seymour's alleged personal knowledge
regarding these factual assertions to support their Motion, as there is no evidence
before the Court establishing the existence of such knowledge on the part of
Seymour. See Haynes, 696 F.2d at 887 (plaintiffs cannot rest their case on
arguments of counsel).

members "actually desire" to opt in; rather, she only proffers excuses for why these purported entertainers have not yet joined Plaintiffs' case. (Doc. 17-1, p. 6, ¶ 31); see also Ulysse v. Divosta Bldg. Corp., No. 06-80338, 2006 U.S. Dist. LEXIS 89414, at *5 (S.D. Fla. Dec. 7, 2006)(no conditional certification where plaintiff failed to identify a similarly-situated individual "actually desires" to join the case). Thus, Bromirski's declaration lacks probative value, as it does not evidence other entertainers' *affirmative* desire to join Plaintiffs' case.

Second, Bromirski's declaration is speculative and self-serving. More specifically, Bromirski does not identify a single entertainer who allegedly worked at Oasis, nor does she identify any entertainers who have yet to join for the reasons referenced in her declaration. (Id. at ¶¶ 23, 31). Further, Bromirski does not explain how she knows the reasons why other entertainers have not joined the present action, other than her self-serving and speculative statement that she has "personal knowledge" of such. (Id.). Speculative and self-serving testimony cannot serve as a basis to conditionally certify a class.[4] See Ulysse, 2006 U.S. Dist. LEXIS 89414, at *4 (An "affidavit is not probative of the similarly situated question [if] it merely offers conclusory allegations and self-serving personal

_____

[4] It is not mandatory for courts to abide by the "common policy" reasoning referenced in Plaintiffs' Motion, (Doc. 17, p 11). Robinson v. Dolgencorp, Inc., No. 5:06-cv-122, 2006 U.S. Dist. LEXIS 85471, at *24 (M.D. Fla. Nov. 13, 2006).

beliefs about purported claims of identified third parties."); see also Davis, 303 F. Supp. 2d at 1277 ("[P]laintiffs must introduce more than their own statements that other potential class members exist."). For both of these reasons, Bromirski's declaration does not meet the requirements necessary to establish interest under Prong 2.

In addition to Bromirski's deficient declaration, the only other evidence of interest that exists is the notice of consent that Seymour filed contemporaneously with Plaintiffs' Motion. In the Motion, Plaintiffs contend that one opt-in is adequate to meet their burden under Prong 2. (Doc. 17, pp. 11-12).[5] This contention, however, is undermined by the panoply of cases holding to the contrary.[6] See, e.g., Rodgers v. CVS Pharmacy, Inc., No. 8:05-CV-770, 2006 U.S. Dist. LEXIS 23272 (M.D. Fla. March 22, 2006)(named plaintiff and two opt-ins not enough); Barten v. KTK & Assocs., Inc., No. 8:06-CV-1574, 2007 U.S. Dist. LEXIS 54068, at *6-8 (M.D. Fla. July 24, 2007)(three named plaintiffs and one

---

[5] Vondriska v. Premier Mortg. Funding, Inc., 564 F. Supp. 2d 1330, 1334 (M.D. Fla. 2007), one of the cases on which Plaintiffs relies, is distinguishable because the named plaintiff had already made a sufficient showing of interest by submitting *nineteen* declarations from other employees in support of her motion for conditional certification.

[6] It is not mandatory for courts to abide by the "common policy" reasoning here. See fn. 4, supra.

potential opt-in); <u>Wombles v. Title Max of Ala., Inc.</u>, No. 3:03-cv-1158, 2005 U.S.

Dist. LEXIS 34733, at *7-9 (M.D. Ala. Dec. 7, 2005)(five named plaintiffs and

two opt-ins); <u>Kessler v. Lifesaver Servs. Providers, LLC</u>, No. 6:06-cv-1442, 2007

U.S. Dist. LEXIS 102490 (M.D. Fla. April 26, 2007), <u>adopted</u> 2007 U.S. Dist.

LEXIS 38276 (named plaintiff and affidavit from one potential opt-in); <u>Davis</u>, 303

F. Supp. 2d 1272 (two named plaintiffs); <u>Brooks v. BellSouth Telecomms., Inc.</u>,

No. 1:07-CV-3054, 2009 U.S. Dist. LEXIS 20552 (two named plaintiffs); <u>Brady</u>,

2013 U.S. Dist. LEXIS 63986, at *3-4 (named plaintiff and affidavit from potential

opt-in). In short, the filing of one notice of consent in four months is wholly

inadequate to meet the requirements of Prong 2.

In sum, Plaintiffs' reliance on Bromirski's self-serving, speculative

declaration and the filing of one notice of consent in four months does not meet the

quantum of evidence necessary to prove other entertainers "actually desire" to join

this case. Indeed, when considering whether to conditionally certify a class, courts

frequently refuse to find a sufficient showing of interest in cases with more

supporting evidence than what Plaintiffs have presented here. <u>See</u>, <u>e.g.</u>, <u>Rodgers</u>,

2006 U.S. Dist. LEXIS 23272, at *14-15 (named plaintiff did not make a sufficient

showing of interest where there had been two opt-ins because plaintiff's averments

that other employees would opt in were "speculative, vague, and conclusory" in

light of plaintiff's failure "to identify any other employees who desire[d] to join or who ha[d] expressed an interest in joining."); Kessler, 2007 U.S. Dist. LEXIS 102490, at \*7-9 (conditional certification denied where affidavits of named plaintiff and one potential opt-in plaintiff did not "provide any specific facts to support their belief that other employees are interested in opting in."); Wombles, 2005 U.S. Dist. LEXIS 34733, at \*7-9 (even though two individuals had already opted in, no showing of interest because affidavits of five named plaintiffs failed to identify other putative members who expressed interest in joining). Consequently, this Court must deny Plaintiffs' Motion because of Plaintiffs' failure to meet their evidentiary burden under Prong 2.

2.    The Court should not consider Bromirski's termination when evaluating Plaintiffs' Motion.

Plaintiffs further assert that conditional certification is warranted because Defendants allegedly retaliated against Bromirksi for filing this lawsuit. This assertion should not be credited. Oasis stopped using Bromirski as an entertainer in October 2013 because she engaged in lewd dancing, which was a legitimate business decision. In fact, the individual who made this decision had no knowledge of Bromirski's lawsuit at the time he made the decision, so there is no causal link between Bromirski's protected activity and the adverse action in

question.[7] See Raney v. Vinson Guard Serv., Inc., 120 F.3d 1192, 1197 (11th Cir. 1997)(To prove retaliation, a plaintiff "must show that the corporate agent who took the adverse action was aware of the plaintiff's protected expression and acted within the scope of his or her agency when taking such action.").

Moreover, Bromirski's statement that she was terminated in retaliation for filing this lawsuit is conclusory, unsubstantiated, and self-serving. As such, it cannot be used as evidence in support of Plaintiffs' Motion. See Abrego v. Baker Landscape Corp., No. 10-80944-CV, 2010 U.S. Dist. LEXIS 145128, at *5 (S.D. Fla. Dec. 2, 2010)(loosening the standard for conditional certification inappropriate where allegations of potential retaliation are "speculative, vague, and conclusory"); cf. Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). Accordingly, this Court should not consider this particular allegation when determining whether to grant Plaintiffs' Motion.

---

[7] Bromirksi has presented no evidence to rebut this particular contention because her declaration fails to address the fact that the decisionmaker had no knowledge of Bromirski's lawsuit at the time the decision was made. (See generally, Doc. 17-1). Further, Bromirski has not filed any claim of retaliation in this case.

**C.     Even If The Court Grants Plaintiffs' Motion, Plaintiffs' Proposed Notice Is Not Neutral.**

In the event that the Court grants Plaintiffs' Motion, it should nevertheless strike or otherwise modify certain language from Plaintiffs' proposed notice.[8] (Doc. 17-2).  Before approving the language in a proposed notice, courts must "ensure that it is timely, accurate, and informative." Hoffman-La Roche v. Sperling, 493 U.S. 165, 172 (1989).  To that end, "courts must be scrupulous to respect judicial neutrality." Id. at 174.  As currently written, Plaintiffs' proposed notice does not meet this neutrality standard and must be amended accordingly.

In the section entitled "No Retaliation Permitted," Plaintiffs' proposed notice states:

> You have an absolute right to join this lawsuit free from any fear that Defendants will retaliate against you in any way.
>
> The law prohibits retaliation against employees for exercising their rights under the FLSA.  Although the issue of whether or not you are an employee or independent contractor has yet to be decided, Defendants

---

[8] As for Plaintiffs' request that the Court order Defendants to provide a list of current and former entertainers' last-known contact information for purposes of disseminating notice of the present action, Defendants ask that this order be limited to the last-known contact information of current and former entertainers that Defendants still have in their custody or control.  Because Defendants maintain that all entertainers are independent contractors, they do not have such detailed records for every current and former entertainer who performed at Oasis.

> are prohibited from discharging you or retaliating against
> you in any manner because you choose to participate in
> this action.  If you believe you are being retaliated
> against, or if anyone acting on Defendants' behalf
> threatens to retaliate against you at any time, you make
> [*sic*] seek legal counsel and ask for immediate relief in
> this Court.  If your retaliation claims are successful,
> Defendants will be liable to you for damages caused by
> their retaliation.

(Doc. 17-2, pp. 2-3). When faced with a notice's anti-retaliation provision

including similarly biased language to the above, a district court recently struck the

proposed language because it "crosse[d] the line from informative to an

inappropriate solicitation." <u>Palma v. Metropcs Wireless, Inc.</u>, No. 8:13-cv-698,

2014 U.S. Dist. LEXIS 7787, at *5-6 (M.D. Fla. Jan. 22, 2014).[9] The court thus

amended the anti-retaliation provision to reflect more neutral language, which this

Court should adopt here:

> Federal law prohibits Defendant[s] from firing you or in
> any way discriminating against you because you have
> joined the lawsuit.  Therefore, Defendant[s] [are]
> prohibited from discharging you or retaliating against
> you in any other manner because you choose to

---

[9] The offending language stated, "The law prohibits anyone from discriminating or retaliating against you for taking part in this case. If you believe that you have been penalized, disciplined, punished, threatened, intimidated, or discriminated against in any way as a result of your receiving this notification, your considering whether to complete and submit the Notice of Consent, or your having submitted the Notice of Consent, you may contact [Law Firm] at the number provided above."

participate in this lawsuit. Participating in this lawsuit
does not excuse current [entertainers] from complying
with Defendant[s'] existing policies and work rules.

Id. at *6.

Another portion of the proposed notice that is inappropriately biased can be

found in the Consent Form, which states: "I may be owed by my current/former

employers, Oasis Goodtime Emporium I, Inc., and Barbara Holcomb . . ." (Doc.

17-2, p. 4). The Court should strike the language after "owed" because it

improperly identifies Oasis and Barbara Holcomb as "current/former employers,"

which constitutes an unsettled legal conclusion that Defendants strongly contest.

Otherwise, keeping this language could create the perception that the Court views

Defendants as employers, which violates the neutrality standard set forth in

Hoffman-La Roche, supra.

Lastly, the notice is improper because it does not inform potential opt-in

plaintiffs what happens if they choose to opt into the case. See White, 2006 U.S.

Dist. LEXIS 100966, at *9 ("Plaintiff's proposed 'notification' letter to be sent to

all similarly situated employees is defective because it fails to fully inform

recipients about the consequences of 'opting-in.'")(alterations from original).

Therefore, Plaintiffs' proposed notice should be amended to include language

explaining the consequences of joining the lawsuit. See, e.g., Belcher v. Shoney's,

Inc., 927 F. Supp. 249, 253-55 (M.D. Tenn. 1996)(adding language that opt-ins

would have to participate in discovery); Gjurovich v. Emmanuel's Marketplace,

Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003)(including language that opt-ins

would be responsible for costs and counterclaims); Garcia v. Elite Labor Serv.,

Ltd., No. 95 C 2341, 1996 U.S. Dist. LEXIS 9824, at *12 (N.D. Ill. July 11,

1996)(adding language, "If you do not prevail on your claim, court costs and

expenses may possibly be assessed against you."), adopted 1996 U.S. Dist. LEXIS

14405.

## III.  CONCLUSION

For the foregoing reasons, Defendants request that the Court deny Plaintiffs'

Motion for failing to establish an actual desire by other entertainers to join the

above-styled action as opt-in plaintiffs.  Alternatively, if the Court grants

Plaintiffs' Motion, Defendants request that the Court amend Plaintiffs' notice to

remove language that does not meet the neutrality standard required of judicial

notices.  Finally, if the Court grants Plaintiffs' Motion, it should limit its order

regarding providing the last-known contact information of current and former

entertainers to only such information that Defendants have in their custody and

control.

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendants certify that this document has been prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1(B).

Respectfully submitted this 10th day of February, 2014.

|  | /s/ Bennet D. Alsher |
|---|---|
| FORD & HARRISON LLP<br>271 17th Street, NW<br>Suite 1900<br>Atlanta, GA 30363 | Bennet D. Alsher<br>Georgia Bar No. 013682<br>balsher@fordharrison.com<br>Telephone: 404-888-3852<br>Facsimile: 404-832-8702 |
| BEGNER & BEGNER, P.C.<br>5180 Roswell Road<br>South Building, Suite 100<br>Atlanta, Georgia 30342<br>Telephone: 404-531-0103<br>Facsimile: 404-531-0107 | Alan I. Begner<br>Georgia Bar No. 046975<br>abegner@begnerlaw.com<br>Cory G. Begner<br>Georgia Bar No. 046980<br>cbegner@begnerlaw.com |
|  | Attorneys for Defendants<br>Oasis Goodtime Emporium I, Inc. and<br>Barbara Holcomb |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIFFANY BROMIRSKI on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OASIS GOODTIME EMPORIUM I, INC. and BARBARA HOLCOMB,<br><br>Defendants. | CIVIL ACTION NO.:<br>1:13-cv-03380-JEC |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on February 10`, 2014, he electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR: (1) CONDITIONAL CERTIFICATION; (2) ORDER REQUIRING DEFENDANT TO PROVIDE CONTACT INFORMATION; AND (3) APPROVAL OF JUDICIAL NOTICE** with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to the attorneys of record:

Stephen L. Minsk, Esq.
Minsk & Associates LLC
1451 Biltmore Drive N.E.
Atlanta, Georgia 30329

Harlan S. Miller, Esq.
Parks Chesin Walbert
75 14th Street, Suite 2600
Atlanta, Georgia 30309

/s/ *Bennet D. Alsher*

Bennet D. Alsher
Ga. Bar No. 013682
balsher@fordharrison.com
Telephone: 404-888-3852
Facsimile: 404-832-8702

FORD & HARRISON LLP
271 17th Street, NW
Suite 1900
Atlanta, GA 30363

Attorney for Defendant
Oasis Goodtime Emporium I, Inc.
and Barbara Holcomb

WSACTIVELLP:6630307.1