**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TIFFANY BROMIRSKI, on behalf of herself and others similarly situated, | * * * | |
| Plaintiff, | * * | |
| v. | * * | 1:13-CV-03380-ELR |
| OASIS GOODTIME EMPORIUM I, INC. and BARBARA HOLCOMB, | * * * | |
| Defendants. | * | |

_____

**O R D E R**

_____

This matter is before the Court on Plaintiff Bromirski's Motion to Certify Class (Doc. No. 17) and Plaintiff Webb's Motion for Conditional Class Certification (Doc. No. 28). Both motions seek to certify the same class members: dancers/entertainers working at Oasis Goodtime Emporium during the past three years.

**I. Background**

On October 11, 2013, Plaintiff Tiffany Bromirski filed an action alleging that Defendant Oasis Goodtime Emporium I, Inc. ("Oasis") and Barbara Holcomb violated the Fair Labor Standards Act ("FLSA") (the "Bromirski Action") (Doc. No. 1).

On October 24, 2013, Plaintiff Nancy Webb filed a similar action against Defendant Oasis Goodtime Emporium I, Inc. ("Oasis"), Barbara Holcomb and Alan Holcomb (the "Webb Action") (Doc. No. 26). This Complaint was originally filed in Case No. 13-cv-03524, but on March 19, 2014, this Court consolidated Plaintiff Webb's case with Plaintiff Bromirski's case for all pretrial matters (Doc. No. 25).

Webb filed her Motion for Conditional Class Certification in the Webb Action on January 21, 2014 (Doc. No. 28). Bromirksi filed her own motion for conditional class certification on January 25, 2014 (Doc. No 17). When the cases were consolidated, Webb re-filed her Motion (Doc. No. 28).

## II. Conditional Certification of Class

### A. Law of Conditional Class Certification

29 U.S.C. § 216(b) provides that an action for violations of the FLSA may be maintained against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." The Eleventh Circuit employs a two-tiered approach in determining whether to certify a collective action under 29 U.S.C. § 216(b):

> While not requiring a rigid process for determining similarity, we have sanctioned a two-stage procedure for district courts to effectively manage FLSA collective actions in the pretrial phase. The first step of whether a collective action should be certified is the notice stage. Here, a district court determines whether other similarly situated employees should be notified.

2

. . .

>  This first step is also referred to as conditional certification since the decision may be reexamined once the case is ready for trial.
>
>  The second stage is triggered by an employer's motion for decertification. At this point, the district court has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity. This second stage is less lenient, and the plaintiff bears a heavier burden.

Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260-61 (11th Cir. 2008) (internal citations omitted).

At the "notice stage" or "conditional certification" stage, the Court may grant conditional certification if a plaintiff shows a "reasonable basis to believe that: (1) there are other employees of the defendant who desire to opt-in; and (2) that these other employees are '"similarly situated" with respect to their job requirements and with regard to their pay provisions.'" Stevenson v. Great Am. Dream, Inc., No. 1:12-CV-3359-TWT, 2013 WL 4217128, at *1 (N.D. Ga. Aug. 14, 2013) (quoting Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991)).

**B.    The "Similarly Situated" Prong**

To demonstrate the proposed class members are similarly situated, "plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." Grayson v. K Mart Corp., 79 F.3d

3

1086, 1096 (11th Cir. 1996) (internal quotations omitted).  The similarly situated prong is not a "stringent" requirement.  Id.  "[T]he requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure."  Id. at 1096 n.12.

### 1. Plaintiff Bromirski's Proposed Class is "Similarly Situated."

Plaintiff Bromirksi alleges that the proposed class of dancers (1) perform the same job duties (performing for customers and providing personal dances when requested); (2) have been labeled as "independent contractors;" (3) have received no wages; (4) are required to pay "house fees" and other fees; and (5) are subject to the direction, control, and discipline of the defendants.  Plaintiff Bromirski also included in her affidavit a statement that there are at least 50 other dancers-entertainers who were employed by Oasis at the time she was so employed.  The Court is satisfied that Bromirski's proposed class reflects a similarly situated class.

### 2. Plaintiff Webb's Proposed Class is "Similarly Situated."

Plaintiff Webb describes the proposed class's "similarly situated" status in her Complaint, the Supplemental Affidavit of Plaintiff Nancy Webb, and the affidavits of Webb and three other Oasis dancers as follows:  (1) All dancers performed the same job duties (i.e., dancing throughout the club and entertaining guests in the V.I.P. rooms); (2) did so under the direct control of club owners Alan and Barbara Holcomb, as well as club management; (3) the club controlled dancers' schedules, attire, and the rates they charged V.I.P. customers; and (4)

4

dancers' noncompliance with the schedules and rules set by the club would result in various fees and other forms of punishment.

Importantly, given the number of opt-ins, Defendants do not dispute that Webb has satisfied the similarly situated prong for purposes of conditional certification (Doc. No. 35 at 3). The Court is satisfied that Webb's proposed class reflects a similarly situated class.

### C.     Desire to Opt-in Prong

As stated, before a district court conditionally certifies a class and provides notice of a lawsuit to potential plaintiffs, "the district court should satisfy itself that there are other employees . . . who desire to 'opt-in' . . . .'" Mackenzie v. Kindred Hospitals E., L.L.C., 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003) (citing Dybach, 942 F.2d at 1567). Plaintiff may show the existence of other employees who desire to opt-in based on affidavits, consents to join the lawsuit, and expert evidence. Davis v. Charoen Pokphand (USA), Inc., 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004) (citations omitted). "Courts have been clear, however, that a plaintiff's mere stated belief in the existence of other employees who desire to opt-in is insufficient, and that unsupported expectations that additional plaintiffs will subsequently come forward are also insufficient." Id. (citations and quotations omitted) (refusing to certify class when Plaintiff's deposition testimony showed "she had spoken to at least 12 employees . . . about the lawsuit, that these employees were unhappy with [the employer's] policies, . . . and that these

5

employees indicated that they would join the lawsuit" but Plaintiffs did not file "affidavits or consents from these would-be class members to suggest that they are actually willing to join the suit").

1. **Plaintiff Bromirksi Fails to Show Other Plaintiffs Actually Desire to Opt-In.**

Plaintiff Bromirski's motion fails to proffer sufficient evidence showing that other individuals wish to join her class.  Plaintiff Bromirski shows that there are other plaintiffs in the putative class, but not that these potential-plaintiffs *actually desire* to opt-in to the litigation.  To show additional plaintiffs desire to opt into this case, Plaintiff Bromirski relies on two pieces of evidence:  (1) Bromirski's affidavit stating she has "personal knowledge" regarding why other entertains have not joined the lawsuit and (2) Seymour's opt-in consent from January 25, 2014.

Bromirski's affidavit is insufficient to show additional class members actually desire to join the lawsuit because it does not even make that claim.  In relevant part, Bromirski's affidavit states:

> 23.  I have personal knowledge that at least fifty (50) other dancer/entertainers were employed by Defendants at Oasis during the time I worked for Defendants.
>
> . . .
>
> 31.  I have personal knowledge that other similarly situated entertainers employed by the Defendants have not joined this lawsuit because either: (1) they do not have knowledge of their rights to minimum wage compensation; (2) they do not have knowledge of this lawsuit; or (3) they are afraid that if they join this lawsuit, Defendants will retaliate against them,

6

>as they did with me, by terminating their employment at Oasis.

Her affidavit does not affirmatively state that any other potential plaintiff actually desires to "opt in;" instead, it simply offers reasons why other potential plaintiffs may not have yet joined. Bromirski's affidavit shows her "mere stated belief in the existence of other employees who desire to opt-in" and her "unsupported expectation that additional plaintiffs will subsequently come forward" is insufficient to justify conditional certification. See Davis, 303 F. Supp. 2d at 1277; see also Rodgers v. CVS Pharmacy, Inc., No. 8:05-CV770T-27MSS, 2006 WL 752831, at *4 (M.D. Fla. Mar. 23, 2006) (denying conditional certification when plaintiffs "failed to identify any other employees who desire to join or who have expressed an interest in joining this action").

The single opt-in of Plaintiff Seymour is also inadequate to meet Plaintiff's burden. The Court acknowledges that there is ample case law to support two conflicting propositions: (1) Bromirski's contention that even a single opt-in or affidavit is sufficient to show that other dancers would choose to opt-in;[1] or (2)

---

[1] See e.g. Stevenson v. Great Am. Dream, Inc., No. 1:12-CV-3359-TWT, 2013 WL 4217128, at *2 (N.D. Ga. Aug. 14, 2013) (holding plaintiff and one opt-in sufficient for conditional certification); Brown v. Refuse Materials, Inc., No. 7:13-CV-37 HL, 2013 WL 2387750, at *3 (M.D. Ga. May 30, 2013) (granting conditional certification based on filing of one consent form); Orvis v. Triple Ace Investments, LLC, No. 6:07CV-498ORL28DAB, 2007 WL 1625763, at *2 (M.D. Fla. June 5, 2007) ("Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to bring the Plaintiff's contentions above pure speculation.").

Defendants' contention that one or two opt-ins is insufficient.[2]  In this case, the Court does not find one consent compelling evidence that other dancers desire to join Bromirski's litigation.  In light of Plaintiff Webb's ability to produce ten consents for the same purported class, this Court finds Plaintiff Bromirski has not shown that potential plaintiffs wish to join *her* class.  Accordingly, the Court **DENIES** Plaintiff Bromirski's request to conditionally certify a class.[3]

### 2. Plaintiff Webb Sufficiently Shows Other Plaintiffs Actually Desire to Opt-In.

Unlike Plaintiff Bromirksi, Plaintiff Webb has shown sufficient evidence that other plaintiffs actually desire to opt-in to her class.  Ten individuals have already filed consents to opt into Webb's action.  The Court finds with the presence of these plaintiffs, Plaintiff Webb has shown a reasonable basis for her claim that other entertainers actually desire to opt-in to this action.

---

[2] See e.g. Barten v. KTK & Associates, Inc., No. 8:06-CV-1574T27EAJ, 2007 WL 2176203, at *3 (M.D. Fla. July 26, 2007) (holding one named plaintiff and one potential opt-in did not meet plaintiff's burden); Rodgers v. CVS Pharmacy, Inc., No. 8:05-CV770T-27MSS, 2006 WL 752831, at *4 (M.D. Fla. Mar. 23, 2006) (holding named plaintiffs and two opt-ins did not meet plaintiff's burden); Wombles v. Title Max of Alabama, Inc., No. CIV.A. 303CV1158CWO, 2005 WL 3312670, at *3 (M.D. Ala. Dec. 7, 2005) (holding five named plaintiffs and two opt-ins did not meet plaintiff's burden).

[3] Plaintiff Bromirski's request for an order requiring defendants to provide contact information for other potential plaintiffs and approval of the proposed judicial notice is predicated on the Court's granting Plaintiff's Motion for Conditional Certification.  Because this Court denies Bromirski's request to conditionally certify a class, Plaintiff Bromirski's dependent requests are **DENIED**.

Plaintiff Webb also supports her position that other dancers actually desire to opt-in based on several dancers' attestations of their belief and personal knowledge that numerous other current and former Oasis dancers would choose to opt-in to this lawsuit if it is certified as a collective action.  These dancers state they "believe that many other dancers who worked at Oasis within the past three years would join a lawsuit to recover unpaid wages and illegal fees if given notice of a collective action" (Doc. No. 28).  The Court finds this evidence is insufficient to show Plaintiff's burden because "a plaintiff's mere stated belief in the existence of other employees who desire to opt-in is insufficient." Davis, 303 F. Supp. 2d at 1277.

The additional opt-ins, however, meet Plaintiff's burden.  Accordingly, the Court **GRANTS** Plaintiff Webb's request to conditionally certify a class.

### D.     Plaintiff Webb's Request for Judicial Notice and Contact Information

The decision whether a case is "appropriate" for court-approved notice to potential FLSA plaintiffs is within the district court's discretion.  See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 171 (1989).

Judicial notice is appropriate in the Webb Action because of this Court's grant of conditional class certification.  Rather than many dancers pursuing individual actions, the Court finds that judicial notice providing the dancers the opportunity to pursue their claims in one forum is in the clear interest of judicial economy.  See id. at 180 (recognizing the judicial economy interest of notice and

class certification).  Additionally, notice is warranted here because the statute of limitations continues to run on class member's claims until such time as they file a consent form with the Court.  <u>Grayson</u>, 79 F.3d at 1106.

Importantly, Defendants do not oppose the issuance of judicial notice; Defendants do however, object to the form of the original notice proposed by Plaintiff Webb (Doc. No. 35 at 3-7).  In response, Webb does not oppose the amendments to Plaintiff's Proposed Notice (Doc. 53 at 1).  Plaintiff Webb submitted a revised Proposed Notice (Doc. No. 53-1, Exhibit A) and incorporated Defendants' amendments.  The Consent Form should also exclude the language after "owed by" ("my current/former employers") because this language suggests a finding to a contested legal conclusion.  Subject to this modification and after reviewing the revised Proposed Notice, the Court finds the proposed notice is "timely, accurate, and informative" as required by <u>Hoffmann-La Roche Inc. v. Sperling</u>, 493 U.S. 165, 166 (1989).  Accordingly, the Court **APPROVES** this notice.  The Court **ORDERS** that notice of this collective action be sent to all putative class members.

### E.   Webb's Request for a Production of a List of Dancers

Finally, Plaintiff Webb requests the Court to order Defendants to produce employee contact information necessary to facilitate the notice discussed above.  Specifically, Plaintiff Webb requests the names, job titles, last known mailing addresses, telephone numbers, date of employment, location of employment, and

the last four digits of the Social Security numbers of all current and former entertainers who have worked at Oasis in the three years preceding this Order in an electronic and importable format so that Plaintiff may send out the Judicial Notice.

Defendant does not object to Webb's request, but asks the Court to limit any order to the last-known contact information of current and former dancers that Defendants still have in their custody or control. The Court finds this limitation reasonable. Accordingly, Plaintiff Webb's request for a production of a list of dancers is **GRANTED**, subject to the Defendants' requested limitation.

### III. Conclusion

As to Plaintiff Bromirski, for the reasons discussed above, the Court **DENIES** Plaintiff Bromirski's Motion for (1) Conditional Certification, (2) Order Requiring Defendants to Provide Contact Information; and (3) Approval of Judicial Notice (Doc. No. 17).

As to Plaintiff Webb, for the reasons discussed above, the Court **GRANTS** in **PART** Plaintiff Webb's Motion for Conditional Certification (Doc. No. 28), modified as follows: The Court conditionally certifies a class consisting of individuals who worked as entertainers at Oasis Goodtime Emporium during the three years prior to the mailing of notice of this lawsuit to the putative class.

The Court **APPROVES** Plaintiff Webb's Revised Proposed Notice. The Court **ORDERS** that Defendants shall provide to Plaintiff within thirty (30) days of the entry of this Order the names, job titles, last known mailing addresses,

telephone numbers, date of employment, location of employment, and the last four digits of the Social Security numbers of all current and former entertainers who have worked at Oasis in the three years preceding this Order in an electronic and importable format. Defendants' obligation is limited to the last-known contact information of current and former dancers that Defendants still have in their custody or control. Plaintiff is **ORDERED** to send the approved notice of this collective action to all putative class members.

**SO ORDERED**, this 9th day of March, 2015.

*[signature]*
_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia